John F. Larison and Jane L. Larison v. Commissioner.
Larison v. Commissioner
Docket No. 33069.
United States Tax Court
1952 Tax Ct. Memo LEXIS 306; 11 T.C.M. (CCH) 190; T.C.M. (RIA) 52054; February 29, 1952
*306 Philip J. Weiss, Esq., 1101 Dexter Horton Bldg., Seattle, Wash., for the petitioners. John D. Picco, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $406 in income tax for 1947 against John F. Larison and deficiencies of $397.48 for 1948 and $433.40 for 1949 against both petitioners. The only issue for decision is whether four children of John F. Larison by a former marriage received more than one-half of their support from him for each of the taxable years. Findings of Fact The returns of the petitioners for the taxable years were filed with the collector of internal revenue for the District of Washington. John F. Larison, hereafter called the petitioner, was formerly married to Ruth M. Larison. They had four children, the first born in 1933 and the fourth born in 1939. They were divorced in August 1946 and Ruth was granted custody of the children. The petitioner thereafter married his present wife, Jane L. Larison, and Ruth married Charles Gordon. The petitioner was required by the decree of divorce to pay $30 per month for the support of each child. He paid the full amount required *307 in 1948 and 1949, but paid only about $1,000 in 1947. The four children lived, during all of the taxable years with their mother. The petitioner claimed exemptions for all four of his children on his returns for each of the taxable years. The Commissioner, in determining the deficiencies, disallowed those exemptions. No one of the petitioner's four minor children received more than one-half of his support from the petitioner for any one of the taxable years. Opinion MURDOCK, Judge: The petitioner has filed no brief. This might indicate that he has abandoned his claims for the exemptions. But however that may be, he has failed in his burden of proof. The Commissioner determined that he was not entitled to an exemption for any one of the four children for any one of the taxable years. He failed to show that he supplied as much as one-half of the support of any one of the children for any one of the years. The evidence indicates that the Gordons supplied substantially more than one-half of the amounts necessary to support the children during each of the taxable years. Decision will be entered for the respondent.